IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **KIMBERLY BRYANT** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **MIDLAND FUNDING, LLC,** | ) | |
| **MIDLAND CREDIT MANAGEMENT,** | ) | Jury Trial Demanded |
| **INC., and FULTON FREIDMAN, &** | ) | |
| **GULLACE, LLP** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendants in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here.

### PARTIES

4. Plaintiff Kimberly Bryant (hereinafter referred to as "Plaintiff") is a natural person who resides in Jefferson County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding, LLC (hereinafter "Defendant Midland Funding") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Midland Credit Management, Inc. (hereinafter "Defendant Midland Credit") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Fulton Friedman & Gullace, LLP (hereinafter "Defendant Fulton") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by Tribute (hereinafter "Tribute").

9. After default, Midland Funding purchased the debt for purposes of collection from Plaintiff.

10. Defendant Midland Funding is engaged in the business of purchasing defaulted consumer debts and attempting to collect them by credit reporting and collection lawsuits.

11. Defendant Midland Credit is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect them from consumers by making telephone calls and sending collection letters.

12. Defendant Midland Funding and/or Defendant Midland Credit hired Defendant Fulton to collect the debt from Plaintiff.

13. Defendant Fulton is regularly engaged in the collection of consumer debts owed, or due, or asserted to be owed or due, to another party.

*Requesting Different Amounts*

14. On November 20, 2013, Defendants filed a civil summons and sworn affidavit in state court and caused them to be served on Plaintiff (collectively the "collection lawsuit"). ***Copy filed as Exhibit 1***.

15. The civil summons, sworn affidavit, were filed and served on Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication". 15 U.S.C. § 1692a(2).

16. In the civil summons dated November 20, 2013, Defendants demanded the amount of $841.14 with no request for additional interest or attorney fees. ***Ex.1, p. 1.***

17. Prior to the filing of the civil summons and sworn affidavit, on or about December 3, 2010 Defendant Midland Credit sent a letter to the Plaintiff stating that the current balance on the alleged account was $983.93. ***Copy of December 3, 2010 letter filed as Exhibit 2***.

18. The December 3, 2010 letter showed that the $983.93 amount included interest at 10% in the amount of $142.75. Ex.2 p.2.

19. Upon information and belief the underlying credit agreement for the alleged debt never had a 10% interest rate.

20. An Experian credit report obtained by the plaintiff on or about December 11, 2013 shows an entry by Defendant Midland Funding for the alleged account having a balance of $997.00 as of November 2013. ***Copy of credit report screen shot printed December 11, 2013 filed as Exhibit 3.***

21. On or about January 30, 2014, Defendant Fulton sent, to counsel for the Plaintiff, a letter stating that the balance due on the account was $993.68, including $152.50 of Costs/Disbursements Remaining. ***Copy of January 30, 2014 letter filed as Exhibit 4.***

22. The January 30, 2014 letter provided no explanation as to what the Costs/Disbursements Remaining were for or how they were calculated.

23. The increase in balance as stated in the collection letters and credit report is indicative that pre-judgment interest and/or other fees were being applied to the account despite not being sought or alleged to exist in the collection lawsuit or the sworn affidavit.

24. The fact that Defendants decreased the balance due when filing the civil warrant, when no payments had been made on the account, is indicative of Defendants inability to determine the correct balance owed and/or that Defendants were attempting to collect an alleged debt in violation of 15 U.S.C. §§ 1692e(2)(A) & 1692f(1).

25. Plaintiff asserts that the constantly changing balances asserted by Defendants is an attempt to keep her confused and mislead as to the amount owed so that if she were to make payments on this account, she would never know the actual amount owed and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

26. By requesting four different amounts, Defendants made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much is allegedly owed and resulted in Defendants making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

### *December 11, 2013 Experian Credit Report*

27. Experian is a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

28. Plaintiff obtained a copy of her Experian credit report dated December 11, 2013, which showed that Defendant Midland Funding was communicating information to Experian that Plaintiff owed the alleged debt.

29. Defendant Midland Funding has been communicating information regarding the debt to Experian since at least September 2009, but more likely March 2009, with the amount reported increasing to $997 most recently in November 2013. *See Ex.3.*

30. The reporting of the alleged debt to Experian is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

31. By communicating to Experian that Plaintiff owed a different and greater amount than what Defendants alleged Plaintiff owed in the collection lawsuit and collection letter, Defendant Midland Funding violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), and 1692e(10).

### *Attempting To Collect Interest Waived By Original Creditor*

32. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

33. Charge-off means that the credit card receivable is no longer carried on a bank's books as an asset.

34. On information and belief, Tribute charged off the alleged debt on February 18, 2009 in the amount of $841.18, and this was the amount of the alleged debt sold by Tribute to Midland Funding. *Ex.1 pg.3, ¶¶ 4-5.*

35. Defendant Midland Funding communicated to Experian as recently as November 2013, that Plaintiff owed $997, which, on information and belief, included interest on the charged-off debt, computed at an unknown rate of interest.

36. On information and belief, the interest demanded in Defendant Midland Funding's communications to Experian, included interest added after the date on which Defendants claim Defendant Midland Funding purchased the debt.

37. On information and belief, Tribute, from which Defendant Midland Funding allegedly purchased the debt, did not charge interest after charge-off.

38. On information and belief, it is the policy and practice of Defendant Midland Funding to add interest to debts for the period prior to the date on which it claims to have purchased them, even if the original creditor of the debt did not add interest during that period.

39. On information and belief, Tribute intentionally did not charge interest after charge-off of the debt Defendant Midland Funding allegedly purchased.

40. On information and belief, the standard form credit card agreements used by Tribute provides that it may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

41. On information and belief, as a standard practice, and for a variety of sound business reasons, Tribute waives interest on credit card debts after charge-off for as long as it holds the debt.

42. On information and belief, Tribute, which allegedly originated Plaintiff's alleged debt, in accordance with standard business practices, waived interest on Plaintiff's credit card debt, after charge-off.

43. If Tribute waived the right to add interest post-charge-off, Defendant Midland Funding acquired the debt (if at all) subject to that waiver.

44. On information and belief, the amount of the debt Defendant Midland Funding allegedly purchased from Tribute did not include post-charge off interest.

45. On information and belief, Defendant Midland Funding paid a price for the alleged debt it allegedly purchased based on the balance stated by Tribute.

46. On information and belief, it is Defendant Midland Funding's standard practice, after paying a price based on an amount that does not include post-charge off interest, to seek collection of post-charge off, pre-acquisition interest not charged by the original creditor.

47. Defendant Midland Funding was not entitled to collect any interest Tribute did not actually charge during the time when Tribute owned the debt.

48. By adding interest to the amount of alleged debt allegedly purchased from Tribute that had not been added by Tribute after charge-off, Defendants violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

49. Further, Defendant Midland Funding engaged in a false and deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection practice (contrary to 15 U.S.C. §1692f), for adding unauthorized interest to the alleged debt of Plaintiff.

*Failure To Include § 1692e(11) Language In Initial and Subsequent Communications*

50. The FDCPA states:

"The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

51. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

52. The civil summons is not a formal pleading made in connection with a legal action.

53. Defendants Midland Funding and/or Defendant Fulton failed to disclose in the civil summons that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11). *Ex.1 p.1.*

### *Failure to Send a Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

54. Within five days after the civil summons was served, Plaintiff had not paid the debt.

55. Within five days after the "initial communication" in connection with collection of the debt in the form of the civil summons, or alternatively, the sworn affidavit, both Midland Funding and Fulton failed to send Plaintiff a written notice that:

(a) contained a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(b) contained a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the debt collector, or;

(c) contained a statement that, upon Plaintiff's written request within the thirty-day period, the debt collector will provide Plaintiff with the name and address of the original creditor, if different from the current creditor,

in violation of 15 U.S.C. §§ 1692g(a)(3) – (5).

*Summary*

56. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

57. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Fulton as agent for Defendants Midland Funding and Midland Credit and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principals, Defendants Midland Funding and Midland Credit.

58. The acts and omissions by Defendant Fulton were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendants Midland Funding and Midland Credit in collecting consumer debts.

59. By committing these acts and omissions against Plaintiff, Defendant Fulton was motivated to benefit its principals, Defendants Midland Funding and Midland Credit.

60. Defendants Midland Funding and Midland Credit are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by

9

Defendants Midland Funding and Midland Credit including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

61. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7; Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNTS I-IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),

## 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)

62. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

63. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

64. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNTS I-IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

03/06/14                                Respectfully submitted,

**KIMBERLY BRYANT**

/s/ Brent S. Snyder
Brent S. Snyder, Esq., BPR # 21700
Attorney for Plaintiff
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com